IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-688-BO

MARY EVELYN VANCISE, )
 )
    Plaintiff, )
 )
v. ) ORDER
 )
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security,*[1] )
 )
    Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 17, 21].[2] A hearing was held on these matters before the undersigned on June 24, 2022, at Elizabeth City, North Carolina.[3] For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed her application on October 29, 2018, alleging disability beginning October 30, 2018. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Defendant's motion for leave to file excess pages [DE 20] is GRANTED.
[3] Counsel appeared by videoconference.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff had not engaged in substantial gainful activity since her application date, the ALJ found at step two that plaintiff had the following severe impairments: mild degenerative disc disease of the cervical spine, mild chronic compression deformity of the thoracic spine, mild degenerative changes of the lumbar spine, depressive disorder, borderline intellectual functioning, obsessive compulsive disorder, anxiety/post-traumatic stress disorder, and specific phobia. The ALJ determined that these impairments did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ made an RFC finding that plaintiff could perform a reduced range of light work with several exertional and nonexertional limitations. The ALJ found at step four that plaintiff had no past relevant work and found at step five that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which

3

plaintiff could perform, such as office helper, bagger, and inspector/hand packager. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

Plaintiff raises several arguments in her brief, including a constitutional challenge to the appointment of the administrative law judge. However, because the Court agrees that two of plaintiff's arguments merit remand, the Court need not consider plaintiff's remaining arguments.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). In making an RFC determination, an ALJ must provide a narrative discussion which includes a "logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). An ALJ's decision "must [also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

"Although a 'disability decision by another entity does not bind the SSA,' the 'default rule' is that an ALJ must give 'substantial weight' to another agency's decision." *Kiser v. Saul*, 821 F. App'x 211, 215 (4th Cir. 2020) (quoting *Woods*, 888 F.3d at 691-92). Here, the North Carolina Division of Vocational Rehabilitation Services rendered an opinion as to plaintiff's ability to work. The ALJ failed to acknowledge this decision or explain why its conclusions were unpersuasive. *See also Rose v. Saul*, No. 7:19-CV-91-BO, 2020 WL 4740479, at *3 (E.D.N.C. Aug. 14, 2020) (rejecting Commissioner's argument that new regulations regarding decisions of other agencies supersede binding Fourth Circuit authority).

4

The ALJ further failed to make a finding about plaintiff's ability to stay on task, which is particularly relevant in light of the ALJ's own finding that plaintiff had moderate limitations in understanding, remembering, or applying information as well as in concentrating, persisting, or maintaining pace. The Court determines that these two errors have resulted in a decision which the Court cannot fully evaluate, and that remand is therefore appropriate. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (where the ALJ decision lacks sufficient explanation, proper course is generally remand). In so doing, the Court does not affirm the ALJ as to the remaining arguments in plaintiff's motion.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand to the Commissioner for further proceedings is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 21] is DENIED. The decision of the Commissioner is REMANDED for further proceedings consistent with the foregoing. Defendant's motion for leave to file excess pages [DE 20] is GRANTED.

SO ORDERED, this __13__ day of July 2022.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE